# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| IN THE INTEREST OF | § | |
| | § | |
| N.L.P., | § | Civil Action No. 4:17-CV-00236 |
| | § | (Judge Mazzant/Judge Johnson) |
| A CHILD | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On May 11, 2017, the report of the Magistrate Judge (Dkt. #46) was entered containing proposed findings of fact and recommendations that the Motion to Remand filed by Plaintiff Shane Perry ("Perry") ( (Dkt. #11) be granted in part and denied in part and Perry's Emergency Supplemental Motion to Remand (Dkt. 14) be denied.

Having received the report of the United States Magistrate Judge, and no objections thereto having been timely filed, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the Court.

This case has a long history in the County Court at Law of Hopkins County, Texas, Cause No. CV36802, the primary subject of which are matters of child custody, child support, and similar domestic relations matters. Perry brought constitutional and Section 1983 claims within his child custody case against Defendants North Hopkins Independent School District ("North Hopkins ISD"), Dr. Darin Jolly ("Jolly"), individually and as Superintendent of North Hopkins ISD, Chastin Smiddy ("Smiddy"), individually and as an employee of North Hopkins ISD, Israel Lewis

("Lewis"), individually and as an employee of North Hopkins ISD, Dustanna Rabe "(Rabe"), Hopkins County Attorney, and Lewis Tatum ("Tatum"), Sheriff of Hopkins County ("Defendants").Defendants.

Defendants North Hopkins ISD, Jolly, Smiddy, and Lewis (the "School Defendants") and Defendants Rabe and Tatum (the "County Defendants") initially filed separate notices of removal resulting in two civil action numbers, 4:17-CV-00236 and 4:17-CV-00259, which have since been consolidated. *See* Dkt. #22, Although Perry asserts various procedural defects in the notice of removal filed by the School Defendants, those have been cured. 28 U.S.C. § 1653 permits the amendment of defective jurisdictional allegations, and technical defects can be cured at any time so long as the party wishing to cure the defective allegations has not engaged in bad faith or undue delay. *Getty Oil Corp., v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Furthermore, the notices of removal filed by both the School Defendants and the County Defendants clearly express agreement to the severance of the family law claims.

In addition to its original jurisdiction over Perry's federal question claims, this Court also has supplemental jurisdiction over Perry's state law claims for Invasion of Privacy, Gross Negligence, and Tortious Interference with Possession of a Child (*see* Dkt. 12 at 20-23) because those claims are related to the claims within the Court's original jurisdiction and arise out of the same case or controversy. *See* 28 U.S.C. §1367.

It is, therefore, **ORDERED** that Perry's Motion to Remand (Dkt. #11) is **GRANTED** in part and **DENIED** in part and Perry's Emergency Supplemental Motion to Remand (Dkt. #14) is **DENIED**. Any claims involving child custody, child support, and any other family law matters are hereby **SEVERED** and **REMANDED** to the Hopkins County Court at Law. Perry's constitutional and Section 1983 claims, as well as his state law claims for Invasion of Privacy,

Gross Negligence, and Tortious Interference with Possession of a Child, shall proceed in this Court.

**IT IS SO ORDERED**.

**SIGNED this 5th day of June, 2017.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE