# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IN THE INTEREST OF | § |
| | §  Civil Action No.  4:17-CV-236 |
| N.L.P., | § (Judge Mazzant/Judge Nowak) |
| | § |
| A CHILD | § |

## MEMORANDUM ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On November 17, 2017, the report of the Magistrate Judge (Dkt. #56) was entered containing proposed findings of fact and recommendations that Defendants North Hopkins Independent School District, Dr. Darin Jolly, Chastin Smiddy, and Israel Lewis's Motion to Dismiss (Dkt. #51) be granted in part. Having received the report of the Magistrate Judge, no objections thereto having been timely filed, the Court is of the opinion that the Magistrate Judge's report should be adopted.

The underlying facts are set out in detail in the Magistrate Judge's report and need not be repeated in their entirety. As such, the Court sets forth only those facts relevant to consideration of the report. Plaintiff Shane Perry's case arises from on-going child custody proceedings between Plaintiff and his ex-wife, Kelli Boles (Dkt. #1-1 at p. 6). Plaintiff alleges that on or about December 2, 2016, Boles, NLP's[1] mother, informed North Hopkins Independent School District ("NHISD") "that Plaintiff would be picking up [twelve-year-old] NLP from school that day" (Dkt. #40 at p. 6). "While at school, [NLP] allegedly became upset and spoke with Dr. [Darin] Jolly, superintendent of the school. [NLP] explained to [Superintendent] Jolly that she did not want

---
[1] NLP is a pseudonym used herein to refer to the twelve-year-old child of Plaintiff and Boles.

to go with Plaintiff after school …. [Superintendent] Jolly contacted Israel Lewis, a local counselor who was at the school visiting other children" and asked him to speak with NLP (Dkt. #40 at p. 7). After Counselor Lewis "conducted a psychological examination" on NLP, Superintendent Jolly contacted Sheriff Lewis Tatum for advice on how to handle who would be allowed to pick NLP up from school (Dkt #40 at p. 7). Plaintiff alleges that "[Counselor] Lewis, [Sheriff] Tatum, [Superintendent] Jolly, and [Hopkins County Attorney Dustanna] Rabe devised a plan to lure the Plaintiff to the school and have a deputy there waiting to arrest him in efforts to keep him from [NLP]" (Dkt. #40 at p. 8). Deputy Kevin Lester, with the Hopkins County Sheriff's Office, was dispatched as a standby to NLP's school (Dkt. #40 at p. 8).

Without alerting Boles or NHISD, Plaintiff sent his girlfriend, Lizett Pugliese, to pick up NLP from school later that afternoon (Dkt. #40 at p. 7). Plaintiff did not accompany Pugliese to the school to pick up NLP. When Pugliese tried to pick NLP up from school, she was "blocked by [NHISD Teacher's Aide Chastin Smiddy] who stated that NLP was not there and had already been picked up" (Dkt. #40 at p. 9). After much discussion between Superintendent Jolly, Deputy Lester, County Attorney Rabe, and Pugliese, Pugliese left the school without NLP. After Pugliese's departure, Boles, NLP's mother, picked up NLP and drove back to her residence with Deputy Lester as an escort (Dkt. #40 at p. 13).

Plaintiff alleges that on December 20, 2016, the state court held a hearing on Boles's "motion to modify the child possession orders in the matter[,] specifically naming the events of December 2, 2016 as grounds for a no contact order" (Dkt. #40 at p. 14). At the state court hearing, Superintendent Jolly and Counselor Lewis both appeared to testify so as "to further execute their plan in eliminating NLP from Plaintiff's life" (Dkt. #40 at p. 14). Plaintiff alleges that due to

Counselor Lewis's testimony, "the court ruled that the Plaintiff should have no contact with NLP" (Dkt. #40 at p. 14).

On July 13, 2017, Plaintiff filed his Second Amended Complaint, the live pleading, seeking "compensatory damages" (Dkt. #40).[2] Therein, Plaintiff raises state law claims for: (1) invasion of privacy against Counselor Lewis; (2) gross negligence against Counselor Lewis, Sheriff Tatum, County Attorney Rabe, and Deputy Lester and (3) interference with possessory right in a child against NHISD, Superintendent Jolly, Aide Smiddy, Counselor Lewis, Hopkins County, Sheriff Tatum, County Attorney Rabe, and Deputy Lester. Plaintiff also raises federal claims under § 1985, § 1986, and § 1983 for violations of his First, Fourth, Fifth and Fourteenth Amendment rights against NHISD, Superintendent Jolly, Aide Smiddy, Counselor Lewis, Hopkins County, Sheriff Tatum, County Attorney Rabe, and Deputy Lester (Dkt. #40 at pp. 17-32). On August 14, 2017, Defendant NHISD, and Defendants Superintendent Jolly, Aide Smiddy, and Counselor Lewis (the "Individual School Defendants") (collectively, with NHISD, the "School Defendants") filed their Motion to Dismiss (Dkt. #51). Subsequent to the filing of the Motion to Dismiss, Plaintiff withdrew his claims under §§ 1985, 1986 (Dkt. #53).

The Magistrate Judge entered a report and recommendation on November 17, 2017 (Dkt. #56), wherein the Magistrate Judge recommended dismissing: (1) Plaintiff's claims under § 1983 against NHISD and any of the Individual School Defendants in their official capacities

---

[2] Plaintiff filed his First Amended Third Party Petition on March 8, 2017, asserting federal and state claims against each of Deputy Lester, County Attorney Rabe, Sheriff Tatum, Counselor Lewis, Aide Smiddy, and Superintendent Jolly (Dkt. #10). Defendants North Hopkins Independent School District, Superintendent Jolly, Aide Smiddy, and Counselor Lewis together removed this action to the Eastern District of Texas, Sherman Division on April 7, 2017 (Dkt. #1). On April 14, 2017, Defendants County Attorney Rabe, Sheriff Tatum, and Deputy Lester also removed claims asserted against them by Plaintiff (*In the Interest of N.L.P.*, 4:17-cv-259, Dkt. #1). The Court thereafter consolidated the two cases (4:17-cv-236 and 4:17-cv-259), with the lead case as 4:17-cv-236 (Dkt. #22). Plaintiff filed a Motion to Remand on April 10, 2017 (Dkt. #11). The Court, adopting the Magistrate Judge's recommendation, remanded to the state court those claims involving child custody, child support, and any other family law matters, but allowed Plaintiff's constitutional and § 1983 claims, as well as his state law claims for Invasion of Privacy, Gross Negligence, and Tortious Interference with Possession of a Child, to remain (Dkt. #32).

because Plaintiff failed to identify a policymaker or a specific policy, custom, or practice; (2) Plaintiff's claims against the Individual School Defendants under the Fourth Amendment because Plaintiff failed to specify the violation of his own rights or which of the Individual School Defendants violated any Fourth Amendment rights; (3) Plaintiff's claims against Counselor Lewis for the alleged violation of his First and Fourteenth Amendment rights; (4) Plaintiff's state law claims against NHISD, Superintendent Jolly, and Aide Smiddy pursuant to the Texas Tort Claims Act; and (5) Plaintiff's state law claims against Counselor Lewis under Texas Education Code §§ 22.0511, 22.053. The Magistrate Judge further recommended that the "Motion to Dismiss regarding Plaintiff's § 1983 claims against Dr. Darin Jolly and Chastin Smiddy in their individual capacities for violating Plaintiff's right to familial association under the First and Fourteenth Amendments be denied without prejudice, and Plaintiff be ordered to file a Rule 7(a) reply" (Dkt. #56 at p. 31).[3]

On November 20, 2017, a copy of the Report and Recommendation was sent to Plaintiff via first class and certified mail. Plaintiff advised the Court that he was not at his current mailing address (and therefore, had not received the Report), but was able to receive the Report and Recommendation via email. On December 12, 2017, Plaintiff was provided a copy (and his receipt confirmed) of the Report and Recommendation via email. Plaintiff was expressly advised by the Clerk's Office to file any objections/response to the Report and Recommendation within the time stated in the Report and Recommendation (fourteen days). No objections have been filed by Plaintiff. As such, Plaintiff is not entitled to a de novo review. *McKoy v. Fox*, No. 1:11-CV-506, 2012 WL 1930972, at *1 (E.D. Tex. Apr. 9, 2012), *report and recommendation adopted,* No. 1:11-

---

[3] The claims against Defendants Hopkins County, County Attorney Rabe, Sheriff Tatum, and Deputy Lester remain pending; these defendants did not join in the Motion to Dismiss, but did file an Answer to Plaintiff's claims on August 8, 2017 (Dkt. #48).

4

CV-506, 2012 WL 1902200 (E.D. Tex. May 25, 2012), *aff'd,* 530 F. App'x 348 (5th Cir. 2013) ("Failure to file objections bars a party from . . . entitlement to de novo review by a district judge of proposed findings and recommendations").

The Court's normal procedure is to order a Rule 7(a) reply before considering the motion to dismiss with regard to qualified immunity. This procedure was not followed by the Magistrate Judge. Notwithstanding, the Court will adopt each of the Magistrate Judge's findings.

It is **ORDERED** that Defendants North Hopkins Independent School District, Dr. Darin Jolly, Chastin Smiddy, and Israel Lewis's Motion to Dismiss (Dkt. #51) is **GRANTED IN PART**. The following claims are **DISMISSED**:

- Plaintiff's § 1983 claims against North Hopkins Independent School District,
- Plaintiff's state law claims against North Hopkins Independent School District,
- Plaintiff's § 1983 claims against Israel Lewis in his official and individual capacities,
- Plaintiff's state law claims against Israel Lewis,
- Plaintiff's § 1983 claims against Dr. Darin Jolly in his official capacity,
- Plaintiff's § 1983 claims for violation of his Fourth Amendment right against Dr. Darin Jolly in his individual capacity,
- Plaintiff's state law claims against Dr. Darin Jolly,
- Plaintiff's § 1983 claims against Chastin Smiddy in her official capacity,
- Plaintiff's § 1983 claims for violation of his Fourth Amendment right against Chastin Smiddy in her individual capacity,
- Plaintiff's state law claims against Chastin Smiddy.

It is further **ORDERED** that Defendants' Motion to Dismiss Plaintiff's claims under the Fifth Amendment, § 1985, and § 1986 is **DENIED** as moot, based on Plaintiff's having withdrawn those claims.

As such, only Plaintiff's § 1983 claims against Dr. Darin Jolly and Chastin Smiddy in their individual capacities for violating Plaintiff's right to familial association under the First and Fourteenth Amendments remain of the claims that are the subject of the pending Motion to Dismiss.

It is further **ORDERED** that Plaintiff shall file a Rule 7(a) reply within 14 days from the date of this Order, addressing the inapplicability of the qualified immunity defense. After consideration of the Rule 7(a) reply and additional briefing deemed necessary by the Magistrate Judge, the Magistrate Judge should enter an amended report and recommendation and reconsider the motion to dismiss, only addressing these pending claims.

**IT IS SO ORDERED**.
SIGNED this 9th day of February, 2018.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE