# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| SHANE PERRY, | § | |
| | § | Civil Action No. 4:17-cv-236 |
| v. | § | *CONSOLIDATED* |
| | § | |
| NORTH HOPKINS INDEPENDENT | § | JURY DEMANDED |
| SCHOOL DISTRICT, ET AL.[1] | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for Summary Judgment (Dkt. #82). The Court, having considered the pleadings and relevant evidence, finds that the motion for summary judgment should be granted in part.

## BACKGROUND

Plaintiff Shane Perry is in a custody dispute with his ex-wife Kelli Boles for their daughter ("N.L.P."). On December 2, 2016, Plaintiff was scheduled to pick up N.L.P. from school. Before the exchange occurred, N.L.P. informed the superintendent Dr. Darin Jolly that she did not want to go with her father. Anticipating that an issue might arise, Dr. Jolly asked that a deputy be present on the school grounds during the exchange, and Defendant Hopkins County Deputy Kevin Lester responded to the request. Upon arriving at the scene, Deputy Lester was informed that "N.L.P. was afraid and did not want to go with [Plaintiff]." (Dkt. #82-1 at p. 1). Dr. Jolly also notified Deputy Lester that Plaintiff potentially had an active warrant, which Deputy Lester thereafter contacted Dispatch and confirmed was true. Deputy Lester informed Dr. Jolly that Plaintiff would be arrested if Plaintiff entered the premises.

---

[1] The Court notes that this action was removed with the case caption "IN THE INTEREST OF N.L.P. A CHILD." See (Dkt. #1). The case-style as set forth herein reflects the proper parties to this action.

At approximately 7:00 p.m., Plaintiff's girlfriend Lizett Pugliese arrived to pick up N.L.P. from the school. Pugliese was met by Deputy Lester, who informed her that N.L.P. did not want to go to Plaintiff's house. Deputy Lester spoke with Plaintiff by phone and told Plaintiff that "[he was] not getting involved" with the ongoing issue. (Dkt. #82 at p. 2). Deputy Lester then contacted Defendant Hopkins County Attorney Dustanna Rabe and Defendant Sheriff Lewis Tatum. County Attorney Rabe advised Deputy Lester that "if NLP did not want to go with Plaintiff's girlfriend, she could not be taken kicking and screaming," and Sheriff Tatum stated that "the child could not be forced to stay or leave." (Dkt. #82 at p. 4). Deputy Lester informed Pugliese that he could not force N.L.P. to leave with her and stayed with N.L.P. until Boles returned to pick her up.

Plaintiff initially brought this action in the County Court at Law of Hopkins County, Texas. On April 7, 2017, this action was removed to the United States District Court for the Eastern District of Texas (Dkt. #1). Plaintiff asserts state law claims alleging gross negligence and tortious interference with possession of a child and claims under 42 U.S.C. § 1983 against Deputy Lester, Sheriff Tatum, County Attorney Rabe ("Individual Defendants"), and Defendant Hopkins County (collectively, "Defendants"). On September 24, 2018, Defendants filed the present Motion for Summary Judgement (Dkt. #82). Plaintiff failed to file a response.[2]

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[2] Eastern District of Texas Local Rule 7(d) provides that "a party's failure to oppose a motion in the manner prescribed . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure all of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440

3

(5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants move for summary judgment on Plaintiff's claims brought under 42 U.S.C. § 1983 and under state law. Plaintiff failed to respond to the present motion; therefore, the Court the Court will consider the facts set forth in Defendants' motion for summary as undisputed. The Court will analyze first whether Defendants are entitled to summary judgment on Plaintiff's § 1983 claims and then turn to whether Defendants are entitled to such relief on Plaintiff's state law claims.

### I. Plaintiff's § 1983 Claims

Plaintiff asserts claims under § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983 (2018).

Plaintiff alleges that Defendants violated his First, Fourth, and Fourteenth Amendment rights. Defendants argues that (1) Plaintiff cannot establish a valid claim under § 1983 and (2) Individual Defendants are entitled to qualified immunity.

The Court addresses each argument in turn.

### A. Municipal Liability Under § 1983

Defendants argue, and the Court agrees, that to the extent that Plaintiff asserts § 1983 claims against Individual Defendants in their official capacities, those claims should be construed as claims against Hopkins County. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Defendants contend that Plaintiff failed to demonstrate that Hopkins County—a municipality—can be held liable for the alleged violations of Plaintiff's constitutional rights.

To impose municipal liability in a § 1983 action, a plaintiff must show that "an official policy maker with actual or constructive knowledge of the constitutional violation acted on behalf of the municipality" and that the "action alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy." *Zarnow v. City of Wichita Falls, Texas*, 614 F.3d 161, 167 (5th Cir. 2010); *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 659 (1978). When considering if there was an official policy, the Court must determine if there is

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. Actual or constructive knowledge of such custom must be attributable to the governing body of the municipality or to an official to whom that body had delegated policy-making authority.

*Bennett v. City of Slidell*, 735 F.2d 861, 862 (5th Cir. 1984).

A plaintiff asserting § 1983 claims is required to plead specific facts, not merely conclusory allegations, with sufficient particularity to meet all elements of recovery. *See Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992). "This heightened pleading requirement applies to

allegations of municipal custom or policy." *Id*. Here, Plaintiff has neither pleaded facts with sufficient particularity nor provided proper, or any, summary judgment evidence about any Hopkins County custom or policy.

Plaintiff alleges that both Sheriff Tatum and County Attorney Rabe instructed Deputy Lester to follow a policy that would violate Plaintiff's "right of association under the First Amendment [and] right of privacy in family matters under the Fourth Amendment." (Dkt. #40 at p. 26). Plaintiff, however, fails specify a supposed policy implemented by Defendants. Instead, Plaintiff only (1) offers a conclusory assertion that Individual Defendants made a deliberate choice to engage in a policy that would specifically violate his constitutional rights and (2) provides alternate courses of action that, Plaintiff believes, would have respected his rights, as opposed to the course of action taken by Defendants. The Court finds that Plaintiff has failed to satisfy the first definition for "official policy."[3]

Plaintiff likewise fails to satisfy the second definition. Plaintiff alleges that this supposed policy was formed to specifically violate his rights and has failed to argue that the practice was in any manner widespread or persistent. Plaintiff's Second Amended Complaint is void of allegations of a specific custom or practice. Further, Plaintiff fails to provide proper summary judgment evidence to support his allegations. The Court finds that Defendants has shown, and Plaintiff does not contest, that there are no genuine disputes of material fact as to Plaintiff's § 1983 claims against Hopkins County.

The Court next considers Plaintiff's § 1983 claims against Individual Defendants.

---

[3] Defendants additionally argue that Plaintiff has failed to identify an official policymaker, stating that neither Defendant County Attorney Rabe nor Defendant Sheriff Tatum serve such a role. The motion for summary judgment and the facts therein are uncontested; therefore, Plaintiff has waived the ability to dispute this argument. *See Audler v. CBC Innovis Inc.*, 519 F.3d 239, 255 (5th Cir. 2008) (quoting *Castro v. McCord*, 259 F. App'x 664, 665 (5th Cir. 2007) ("A party waives an issue if he fails to adequately brief it.")). As a result, Plaintiff's argument would likely fail to satisfy the first definition of "official policy," regardless of whether he could identify the policy that violated his rights.

## B. Plaintiff's § 1983 Claims Against Individual Defendants Based on Fourth Amendment Violations

Plaintiff alleges that Defendants violated his Fourth Amendment right of privacy in family matters. Defendants contend that they are entitled to summary judgment because Plaintiff has failed to provide proof on essential elements of his claims—specifically, as to Plaintiff's standing.

In order to invoke the Fourth Amendment in this instance, Plaintiff must show that he was the subject of "an unreasonable search or seizure." U.S. Const. Amend. IV. The Supreme Court has stated that "[a] 'seizure' triggering the Fourth Amendment's protections occurs only when government actors have, 'by means of physical force or show of authority . . . in some way restrained the liberty of a citizen.'" *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (quoting *Terry v. Ohio*, 392 U.S. 1, 19, n.16 (1968)). If a search or seizure is established, the Court must then evaluate the reasonableness of the search or seizure "under the Fourth Amendment's 'objective reasonableness' standard," which "'requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.'" *Graham*, 490 U.S. at 386; *Plumhoff v. Rickard*, 572 U.S. 765, 774 (quoting *Graham*, 490 U.S. at 396).

"Fourth Amendment rights are personal rights which may be enforced only by the person whose rights were infringed.'" *Garza v. City of Donna*, No. 7:16-CV-00558, 2017 WL 2861456, at *4 (S.D. Tex. July 5, 2017) (quoting *United States v. Pack*, 612 F.3d 341, 347 (5th Cir. 2010), modified on denial of reh'g, 622 F.3d 383 (5th Cir. 2010) (citing *Rakas v. Illinois*, 439 U.S. 128, 99 (1978)). "Consequently, a party generally has no standing to enforce another person's Fourth Amendment rights vicariously. If a party lacks standing to bring a claim, then there exists no case or controversy with regards to that claim, and a federal court has no subject matter jurisdiction to entertain it." *Id.* (internal citations omitted).

It is unclear, and appears doubtful, that Plaintiff has standing to bring his challenge, as pleaded; however, the Court need not decide this question because Plaintiff's Second Amended Complaint is void of specific allegations against Individual Defendants. While Plaintiff "alleges that the Defendants jointly and or severally conspired to deprive the Plaintiff of his . . . right of privacy in family matters," (Dkt. #40 at p. 25-26), he fails to provide proper summary judgment, or any, evidence to support his allegation that Defendants seized any right that he may, or may not, have in privacy in family matters. Plaintiff's allegations regarding his right to privacy are limited to only his state law claim against Defendant Israel Lewis, who is not a party to the present motion. Regarding Lewis, Plaintiff's Second Amended Complaint alleges only that on December 2, 2016, Lewis, a licensed counselor, questioned N.L.P. about "Plaintiff's relationships, personal life, sexual relationships, and other embarrassing information which was intended for the sole purpose of impending litigation against Plaintiff in the parent-child relationship." (Dkt. #40 at p. 23).

Plaintiff neither alleges facts nor provides evidence that Individual Defendants played any role in this alleged seizure. In fact, Plaintiff's Second Amended Complaint does not allege Individual Defendants took part, were present, or facilitated the questioning in any way. The Court finds that Defendants has shown, and Plaintiff does not contest, that there are no genuine disputes of material fact and Defendants are entitled to summary judgment on Plaintiff's § 1983 claim that Individual Defendants violated his Fourth Amendment rights.

### C. Plaintiff's § 1983 Claims Against Individual Defendants Based on First and Fourteenth Amendment Violations

Plaintiff alleges that Defendants violated his First Amendment right of association and his Fourteenth Amendment right to familial association. Defendants argue that they are entitled to summary judgment because (1) Plaintiff has failed to provide proof on multiple essential elements of his claims and (2) Individual Defendants are entitled to qualified immunity.

This Court has recognized that "'[t]he right to familial association or family integrity is a form of liberty guaranteed by the due process clause of the Fourteenth Amendment.'" (Dkt. #56 at p 17) (quoting *Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d at 564) (internal quotation marks omitted). To show a violation of the right to familial association, a plaintiff must show (1) that "some 'state action (or inaction) physically separates family members from one another" and 92) that this action or inaction "purposefully interfere[s] with the family relationship." (Dkt. #56 at p 17) (quoting *Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d at 564) (internal quotation marks omitted); (Dkt. #58).

Plaintiff's § 1983 claims premised on violations of his First and Fourteenth Amendment rights relies on the allegation that N.L.P. was locked in the school building when Pugliese attempted to pick her up. Plaintiff argues that this constitutes a purposeful interference of the father-child relationship by Defendants. Defendants, however, argue that

> County Attorney Rabe spoke to Deputy Lester to provide him with legal instruction about what he could and could not do in the situation, Sheriff Tatum['s] sole intent and purpose was to maintain safety on the North Hopkins School campus, and Deputy Lester was present to protect the students and adults on the school campus in the event of a disturbance and to serve an arrest warrant.

(Dkt. #82 at p. 15). Accordingly, the Court finds that Defendants have shown, and Plaintiff does not contest, that there are no genuine disputes of material fact as to Plaintiff's allegations that Individual Defendants engaged in any action or inaction with the intent to "purposefully interfere with the family relationship."[4] (Dkt. #56 at p 17) (quoting *Dallas Indep. Sch. Dist.*, 194 F. Supp. 3d at 564) (internal quotation marks omitted).

---

[4] Defendants also allege that Plaintiff has failed to allege that a physical separation took place, since Plaintiff was never present during the incident. (Dkt. #82 at p. 14). Because Plaintiff has both failed to establish the requisite intent and overcome Defendants' assertion of qualified immunity on behalf of Individual Defendants, the Court will not address this argument.

Even if Plaintiff did not face the above hurdle, Defendants are likely entitled to qualified immunity, which would be sufficient grounds for summary judgment. In determining whether an official is entitled to qualified immunity, the Court must determine: (1) whether a clearly established right was violated and (2) whether the conduct was objectively reasonable. *Mullenix v. Luna*, 136 S. Ct. 305, 306–08 (2015). A clearly established right has been defined as "one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Id.* at 308 (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). The analysis of whether a right is clearly established must begin "'in light of the specific context of the case, not as a broad general proposition.'" *Id.* (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam)). Further, "[t]he objective reasonableness of the official's conduct is measured by the clearly established right at the time of the incident." *Scott v. Godwin*, 147 S.W.3d 609, 620 (Tex. App. — Corpus Christi–Edinburg [13th Dist.] 2004, no pet.).

"[T]he contours of the right [of familial association] have been described as 'nebulous and undefined.'" (Dkt. #56 at p. 17) (quoting *Rolen v. City of Brownfield, Tex.*, 182 Fed. Appx. 362, 364 (5th Cir. 2006)); (Dkt. #58). While Plaintiff correctly asserts that there is a general right of family integrity, he has failed to provide evidence of, or even allege, any specific conduct by an individual violated a clearly established portion of the right. *See Ruiz v. Tex. Dep't of Protective & Regulatory Servs.*, 984 F. Supp. 2d 657, 665 (S.D. Tex. 2013). In consideration of the "nebulous and undefined nature" of the right, the Court finds that County Attorney Rabe and Sheriff Tatum advising Deputy Lester of his inability to force N.L.P. to stay or to go with Pugliese is not in violation of any clearly established right. Likewise, Deputy Lester is entitled to qualified immunity, since his refusal to force N.L.P to go with Pugliese did not violate a clearly established right. Further, the Court finds that it is apparent that a nebulous and undefined right is not

"'sufficiently clear [so] that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix*, 136 S.Ct at 308 (2015) (quoting *Reichle v. Howards*, 566 U.S. 658, 664 (2012)).

Accordingly, the Court finds that Individual Defendants' conduct was objectively reasonable. Therefore, the Court finds that Individual Defendants are entitled to qualified immunity are entitled to summary judgment on Plaintiff's § 1983 claim for the violation of his right to familial association.

**II. Plaintiff's State Law Claims**

Plaintiff asserts state law claims against Defendants for tortious interference with possession of a child and gross negligence. Defendants respond that (1) the Texas Tort Claims Act (TTCA) requires the dismissal of Plaintiff's state law claims against Individual Defendants and (2) Hopkins County is entitled to governmental immunity under the TTCA.

The Election of Remedies provision of the TTCA provides that when "a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit." Tex. Civ. Prac. & Rem. Code § 101.106(e). An "employee" under the TTCA is defined as "a person, including an officer or agent, who is in the paid service of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have the legal right to control." Tex. Civ. Prac. & Rem. Code § 101.001(2).

Further, the TTCA provides for governmental immunity against all intentional torts and permits a waiver of governmental immunity in all other claims that satisfy the acts enumerated requirements. Tex. Civ. Prac. & Rem. Code § 101.057(2), 101.021.

## A. State Law Claims Against the Defendant Hopkins County

Plaintiff asserts both a tortious interference with possession of child and a gross negligence claim against Hopkins County. Defendants aver Hopkins County is entitled to governmental immunity and are therefore entitled to summary judgment as a matter of law.

The TTCA provides that governmental immunity be waived in instances where a personal injury is caused by a "wrongful act or omission or the negligence of an employee acting within his scope of employment if. . ." it is "caused by a condition or use of tangible personal or real property if the governmental unit would, were it a person, be liable to the claimant according to Texas law." Tex. Civ. Prac. & Rem. Code § 101.021. Notwithstanding the aforementioned provision, the TTCA bars the waiver of governmental immunity for all intentional torts. Tex. Civ. Prac. & Rem. Code § 101.057(2).

Plaintiff's tortious interference with possession of a child claim is premised on an intentional tort, and, as such, § 101.057(2) of the TTCA prohibits a waiver of governmental immunity. Accordingly, the Court finds that Hopkins County is entitled to governmental immunity for this claim.

Plaintiff's gross negligence claim argues that Defendants used the school building as a means to willfully violate a temporary order, which required that N.L.P. be transferred into the custody of her father. Specifically, Plaintiff's Second Amended Complaint alleges that N.L.P. was locked in the school building and that Deputy Lester refused to allow Pugliese to enter the building. Defendants, however, assert that no County official or employee locked the child within the school and provide a timeline in which Pugliese was never denied entry by Deputy Lester. Consequently, Plaintiff has failed to establish that any government employee or official "used" real property to commit the alleged act of gross negligence, which would be necessary to establish a waiver of

governmental immunity. The Court, therefore, finds that governmental immunity has not been waived and Hopkins County is entitled to summary judgment for Plaintiff's state law claims.

### B. Plaintiff's State Law Claims Against Individual Defendants

The Supreme Court of Texas has held that "any tort claim against the government, even those for which immunity has not been waived, falls 'under [the TTCA]' because the Torts Claims Act is the only means to sue the government for a tort." *Franka v. Velasquez*, 332 S.W.3d 367, 390 (Tex. 2011). Plaintiff asserts state law claims against both Hopkins County and Individual Defendants; therefore, the Court finds that both claims are subject to the Election of Remedies provision of the TTCA. *See University of Texas M.D. Anderson Cancer Ctr. v. Stewart*, 2017 WL 2590230 at p. * 4 (Tex. App.—Houston [1st Dist] June 15, 2017, no pet.) (mem. op.) (granting a motion to dismiss a gross negligence claim under the Election of Remedies provision of the TTCA following a motion by a governmental unit).

The Court finds that Plaintiff's state law claims against Individual Defendants should be dismissed for two reasons. First, because Plaintiff filed suit against Defendant Hopkins County and Defendants argue, and Plaintiff does not contest that Individual Defendants are employees, the TTCA mandates that Individual Defendants be dismissed. Second, Individual Defendants are likely entitled to Official Immunity in accordance with §101.106(e).[5]

### III. Attorney Fees

Defendants also request attorneys' fees and costs of suit under 42 U.S.C. § 1988. The Court finds that Defendants' request should be denied at this point, subject to Defendants re-urging their request by motion with the proper supporting documents.

---

[5] Defendants also raise the affirmative defense of official immunity. The Court, having determined that the state law claims against Individual Defendants must be dismissed on other grounds, finds it unnecessary to fully address this argument.

## CONCLUSION

It is therefore **ORDERED** that Defendants Motion for Summary Judgment (Dkt. #82) is **GRANTED IN PART** as follows: Plaintiff's claims against Defendants Kevin Lester, Lewis Tatum, Dustanna Rabe, and North Hopkins County Independent School are **DISMISSED WITH PREJUDICE**; and Defendants' request for attorneys' fees is **DENIED** at this time, subject to re-urging with proper supporting documentation.

**SIGNED this 14th day of August, 2019.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE